19832

The STATE, Respondent, v. James "Chauffeur" GRIFFIN, Appellant

(205 S. E. (2d) 186)

*Messrs. T. Louis Cox,* and *Clyde K. Laney, Jr.,* of Spartanburg, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Robert M. Ariail, Asst. Atty. Gen.,* and *Joseph R. Barker, Staff Attorney,* of Columbia, and *Claude A. Taylor, Jr., Sol.,* of Spartanburg, *for Respondent,*

448

May 23, 1974.

BRAILSFORD, Justice:

This appeal from appellant's conviction and sentence for possession of heroin with intent to distribute or dispense is upon two grounds.

Appellant contends that the search of his automobile and the seizure of the heroin therefrom was illegal, and that the substance should have been excluded from evidence. After conducting an evidentiary hearing on this issue, the court found that the officers had probable cause to make the search, and that exigent circumstances justified their doing so without first securing a search warrant. These findings are supported by evidence and are binding upon us. That the findings sustain the court's conclusion is amply supported by authority. *Carroll v. United States,* 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543 (1925); *Chambers v. Maroney,* 399 U. S. 42, 90 S. Ct. 1975, 26 L. Ed. (2d) 419 (1970); and *State v. McRae,* 255 S. C. 287, 178 S. E. (2d) 666 (1971). The court did not err in admitting the heroin in evidence.

Appellant next contends that it was error for the court to allow the solicitor to cross-examine him as to convictions of heinous crimes in 1947, 1948, 1954, 1957 and 1962, the error assigned being that the convictions were too remote to have probative value on the issue of appellant's credibility. No objection on this ground was made at the trial; hence, the point is not reviewable on appeal.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.