### 19986

The STATE, Respondent, v. McKinley Mack THOMAS, Appellant

(213 S. E. (2d) 452)

160

*Messrs. Costa M. Pleicones and P. Lewis Pitts, Jr.,* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, C. Tolbert Goolsby, Jr., Dep. Atty. Gen., Joseph R. Barker, Asst. Atty. Gen., and Kenneth P. Woodington, Staff Atty., of* Columbia, *for Respondent,*

April 1, 1975.

Moss, Chief Justice:

McKinley Mack Thomas, the appellant herein, along with Theodore Byrd and Dennis Wilson, was indicted by the grand jury of Kershaw County and charged with the crimes of murder, assault and battery with intent to kill, two counts of armed robbery, grand larceny, breaking and entering a motor vehicle with intent to steal and unlawful possession of a pistol. A change of venue was granted from Kershaw

County to Richland County. Theodore Byrd entered a plea of guilty to all charges and was duly sentenced. Thereafter, the appellant and Dennis Wilson pled not guilty and were tried at the 1974 June Term of the Court of General Sessions for Richland County. The appellant was acquitted on all charges except the two counts of armed robbery and the unlawful possession of a pistol. Following his conviction the appellant was duly sentenced. This appeal followed.

It is admitted that on February 21, 1974, at about 11 :00 A.M., the appellant and his co-defendants were hitch-hiking on Interstate Highway 20 in Kershaw County when they were stopped by two deputy sheriffs. All three defendants were carrying pistols and while being questioned by the officers these pistols were drawn, with Byrd killing one of the deputies and wounding the other.

At the trial it was the contention of the appellant that, although he was present during the homicide, he was not involved in that crime or any other except the unlawful possession of a pistol.

The transcript of record in this case does not contain the testimony offered by the State but only that given by the appellant and Dennis Wilson. The appellant has not, by any exception, questioned the sufficiency of the evidence to warrant his conviction. The only exception of the appellant alleges error on the part of the trial judge in allowing the State to elicit, over his objection, testimony which linked him to previous unconnected offenses including the murder of a police officer, the error being that such testimony was not relevant and was introduced solely for prejudicial effect.

It is argued that during the cross-examination by the solicitor Thomas was subjected to questioning regarding his involvement in two prior unconnected crimes with which he had been charged. The record does not substantiate this argument. The appellant testified that he, along with his co-defendants the night prior to the killing of the deputy sheriff, was riding around Columbia in an

automobile owned by Byrd and that about 2:00 A.M. they went to a trailer for the purpose of spending the rest of the night, parking Byrd's car in front of the trailer. At about 2:30 A.M. Byrd woke the appellant and Wilson and told them the police were out front and at that time all three ran out the back door of the trailer, jumped two fences and got on Interstate Highway 20, walking towards Camden. The appellant was cross-examined and was permitted, over objection, to answer the question as to why they did not drive away in Byrd's car, to which he answered, "Because of a crime Byrd had committed". The appellant on cross-examination also testified, without any objection being made thereto, that he knew the police were looking for him and his co-defendants. It thus appears that the appellant was not cross-examined by the solicitor regarding his involvement in two prior unconnected crimes.

The defendant Dennis Wilson, testifying in his own behalf and being examined by his counsel, who was other than the counsel for the appellant, testified without objection that as they were walking along Interstate Highway 20 two policemen traveling in a police car passed them and turned around and came back to where the three of them were. He testified that the officers asked where they were going, to which he replied they were going to Camden. He admitted in response to the officer's question that they had no identification upon their persons. He testified that the officers said they were going to have to take the three into custody because of a robbery that had occurred the day before. He further testified that shortly after Byrd shot the officers that he said "They don't want you and McKinley, I'm the one they are after." This witness testified that he fled the scene of the crime and went to Philadelphia, Pennsylvania, where he surrendered to the officers, ascribing that his reason for flight was because he was with Byrd at the time a crime was committed.

When Wilson was cross-examined by the solicitor, he testified that he along with the appellant and Byrd, just prior

to going to the trailer, had been on Lady Street and in Forest Acres in Columbia. We quote the following from the cross-examination of Wilson:

"Q. Who was with you on Lady Street?
"A. McKinley Thomas and Byrd.

"Q. You and McKinley Thomas and Byrd?
"A. Yes.

"Q. Which one of you went into a building on Lady Street?
"A. All three of us went into a building.

"Q. All three of you went in there? What time was it you went in this building?
"A. It must have been around about eleven o'clock.

"Q. Around eleven o'clock?
"A. Yes.

"Q. How did you get in the building?
"A. What?

"Q. How did you get in the building? It was closed. How did you get in there?"

At this point counsel for Wilson objected to the foregoing testimony. There was no objection made in behalf of the appellant. The solicitor was then permitted to continue his cross-examination as follows:

"Q. After you left the place on Lady Street, where was your next stop?
"A. In Forest Acres.

"Q. Forest Acres? Why did you stop at Forest Acres?
"A. Because the officer stopped us.

"Q. An officer stopped you?
"A. Yes."

At this point counsel for Wilson objected on the ground that this is not an issue before the court. Counsel for the appellant then stated, "We are going to join in that on be-

half of McKinley Thomas." This motion was overruled. The cross-examination continued as follows:

"Q. Now, I'm not going into details, but when you were stopped by a Forest Acres policeman, just yes or no, Byrd did something terrible didn't he? Just yes or no.
"A. Yes, sir."

It is the contention of the appellant that it was error for the court to allow the solicitor to cross-examine the defendant Wilson as to the appellant's participation in the breaking into of the building on Lady Street. The appellant made no objection to this testimony given at the trial; hence, this question cannot be rasied for the first time on appeal. *State v. Laster*, 261 S. C. 521, 201 S. E. (2d) 241, and *State v. Griffin*, 262 S. C. 447, 205 S. E. (2d) 186.

The appellant also alleges error on the part of the trial judge in permitting the solicitor to ask the defendant Wilson whether or not "Byrd did something terrible" when stopped by a policeman in Forest Acres. The affirmative answer to this question did not connect the appellant with another crime or show that Byrd had in fact committed another crime.

The general rule is that evidence that the accused has committed another crime independent of and unconnected with the one on trial is inadmissible. A well recognized execption to this rule exists where the proof of such other crimes tends to establish motive, intent or course of conduct on the part of the accused for the commission of the particular crime charged. *State v. Sharpe*, 239 S. C. 258, 122 S. E. (2d) 622.

Admittedly, the appellant and his co-defendants broke into a building on Lady Street in the city of Columbia on the night prior to the incident on I-20. While riding in Byrd's automobile and apparently in flight from Lady Street, the three were stopped by an officer in the Forest Acres area in

the city of Columbia. It was there that "Byrd did something terrible". The three men then fled in the automobile from the Forest Acres area to a trailer where they were living. When the police officers came to the trailer at about 2:30 A.M. the three fled through a back door, jumped two fences and got on I-20 and started walking towards Camden, leaving Byrd's car in front of the trailer. The appellant admitted that he knew the officers were looking for the three of them. While walking on I-20, two deputy sheriffs sought to take the three into custody because of a robbery in which they had participated the day before. It is undisputed that at the time the officers attempted to arrest the three Byrd pulled his gun and said "nobody move" and made the policemen put their hands up. According to the appellant's testimony, he and Wilson, upon the instructions of Byrd, pulled out their pistols. Wilson and Byrd disarmed the officers, and Byrd made the officers hold hands and walk down the bank of the road. It was then that Byrd shot and killed one of the officers and wounded the other. The appellant with his pistol in his hand went halfway down the hill. The three then fled from the scene of this crime.

The State attempted to prove that the appellant was an active participant in the crimes committed on I-20. It was proper for the State to show that the appellant had a reason to be one of the participants. The evidence shows, without objection, that he, along with his two co-defendants, had broken into a building on Lady Street and fled therefrom. While in flight the three were stopped by a policeman in Forest Acres and there "Byrd did something terrible". The three fled from this scene to where they were living. When the officers arrived at that place, the three again fled and when accosted by officers, while they were in flight, committed the additional crimes heretofore related in order to further their flight and to escape arrest. Accordingly, in a prosecution for homicide, evidence of other crimes committed by the defendant which are in time and circum-

stances so intimately connected with and a part of the crime with which he is being charged as to show a motive for the commission of the homicide or a state of mind indicating a purpose for its commisson, is admissible to establish such motive or state of mind. 40 Am. Jur. (2d) Homicide, Section 311, at Page 581. The evidence here throws some light upon the question of motive and is consistent with the State's theory as to the defendant's reason for participation in the crimes on I-20.

In the case of *People v. Morehouse,* 328 Mich. 689, 44 N. W. (2d) 830, 34 A. L. R. (2d) 676, in a prosecution for the murder of a deputy sheriff, in which the defendant claimed that he did not know that the victim was a police officer and shot him in self-defense, evidence offered by the State of robberies and burglaries committed by the defendant on the evening of, and the night before, the fatal shooting is admissible in evidence, in connection with the defendant's testimony that the victim had interrogated him with reference to the stolen goods in the car and other indications that the victim was an officer, as bearing on the question of whether defendant shot in self-defense or to prevent detection and arrest.

In *People v. Robillard,* 55 Cal. (2d) 88, 10 Cal. Rptr. 167, 358 P. (2d) 295, 83 A.L.R. (2d) 1086, in a prosecution for murder of a police officer, error is not committed in receiving evidence of defendant's past crimes, where this evidence is relevant to establish defendant's motive for the killing, the prosecution's case being based on the theory that defendant had killed the officer in order to avoid apprehension for such crimes.

It is our conclusion that the evidence of the appellant's participation in the two incidents mentioned was relevant to establish his motive in participating in the crimes on I-20, which was done in order to avoid apprehension for a previous crime. The evidence which the appellant asserts was

168

erroneously admitted was relevant for the purpose heretofore stated.

The exception of the appellant is overruled, and the judgment below is,

Affirmed.

LEWIS, BUSSEY, LITTLEJOHN and NESS, JJ., concur.