20937

The STATE, Respondent, v. James Robert RIVERS, Sr.., Appellant.

(254 S. E. (2d) 299)

*John H. Douglas,* Charleston, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Brian P. Gibbes,* Columbia, and *Sol. Capers G. Barr, III,* Charleston, *for respondent.*

April 17, 1979.

RHODES, Justice:

Appellant, James Robert Rivers, Sr., was arrested and charged with kidnapping and statutory criminal sexual conduct. By a verdict of the jury, the appellant was found guilty on both charges and sentenced to life imprisonment for the kidnapping and thirty years imprisonment for the criminal sexual conduct. The principal question advanced in this appeal is whether the trial court erred in receiving testimony from the appellant's wife regarding his prior acts of sexual misconduct. We reverse.

There is abundant evidence which, if believed by the jury, warrants the conclusion that the appellant committed criminal sexual conduct upon the prosecuting witness under unusually aggravated circumstances, including hitting her in the face and on the stomach. Appellant's version of the matter was that the prosecutrix consented to intercourse and oral sex.

After the prosecutrix had testified to the circumstances of the assault by the accused, the State offered the testimony of Jewel Rivers, appellant's wife for 26 years, regarding certain sexual practices of the appellant during their marriage. Mrs. Rivers testified that on one occasion in 1976 the appellant, while under the influence of drugs and alcohol, had employed the use of a vibrator to stimulate her and a burning cigarette to inflict pain upon her upper legs. Regarding the sexual conduct of appellant on this same occasion, Mrs. Rivers

further testified that her husband was incapable of sustaining an erection and, upon such failure, became angry.

All of this testimony was objected to and the trial court overruled the objections on the stated ground that it was relevant circumstantial evidence which was for the "jury to weigh and equate the probative value as to the testimony, believability, and as to the method of operation used if they find it was used."

It is well settled that evidence of prior crimes or misconduct is not admissible to prove the specific crime charged unless the submitted evidence tends to establish (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other; (5) the identity of the person charged with the commission of the crime on trial. *State v. Anderson,* 253 S. C. 168, 169 S. E. (2d) 706, cert. denied, 396 U. C. 948, 90 S. Ct. 386, 24 L. Ed. (2d) 253 (1969) ; *State v. Lyle,* 125 S. C. 406, 118 S. E. 803 (1923). That the evidence be strictly scrutinized before admission under one of the above enumerated exceptions was emphasized by the *Lyle* Court:

Whether the requisite degree of relevancy exists is a judicial question to be resolved in the light of the consideration that the inevitable tendency of such evidence is to raise a legally spurious presumption of guilt in the minds of the jurors. Hence, *if the Court does not clearly perceive the connection between the extraneous criminal transaction and the crime charged, that is, its logical relevancy, the accused should be given the benefit of the doubt, and the evidence should be rejected. (Emphasis added.)*

*Id.* at 125 S. C. 412, 118 S. E. at 807 (citations omitted).

The State maintains that the evidence was properly admitted because it was offered: (1) to prove the identity of the appellant as perpetrator of the offense and (2) to show

a common scheme or plan by demonstrated similarities between the prior incident described by Mrs. Rivers and the crime in question. For admission under either theory, our cases have required that the relationship between the acts must have established such a connection between them as would logically exclude or tend to exclude the possibility that the present crime could have been committed by another person. *State v. Lyle, supra.* Other courts have generally held that a defendant's previous sexual conduct with persons other than the named prosecutrix is inadmissible unless the close similarity of the charged offense and the previous act enhances the probative value of the evidence so as to overrule the prejudicial effect. II Wigmore on Evidence, 3d Ed., § 398, p. 355. Annot. 77 A. L. R. (2d) 841, 868 (1961). See also, *Harris v. State,* 189 Tenn. 635, 227 S. W. (2d) 8 (1950). The rationale for this rule is that the overwhelming result of admitting unconnected sexual relationships is to establish an accused's character or propensity to engage in the alleged sexual conduct as a basis for inferring that he committed the charged crime. *State v. Mason,* 79 N. M. 663, 448 P. (2d) 175 (1968). See also W. Reiser, Evidence of Other Criminal Acts, 28 S. C. L. R. 125 (1976).

The argument of the appellant is that the testimony concerning the sexual activities with his wife is not relevant because it bears insufficient similarity to the acts allegedly performed on the prosecutrix and, therefore, does not comply with the rigid rule of admissibility above set forth. We agree.

While the State attempted to construct a specific pattern of sexual conduct exhibited by the appellant when sexually frustrated, the two instances are radically different both in terms of the objects that were used and in terms of the type of pain inflicted. The prosecutrix testified to the insertion of foreign objects into her vagina while Mrs. Rivers' testimony of the appellant's use of the vibrator indicated that it was never inserted, but employed on the exterior portion of her

body. The prosecutrix' testimony revealed that her assailant beat her about the face and stomach upon becoming sexually frustrated while Mrs. Rivers' testimony described cigarette burns that she had received from the accused. The only common elements in these described activities appear to be sexual frustration and violence. In our view, the fact that the accused performed bizarre sexual acts upon his wife has no tendency to establish a subsequent scheme by the accused to forcibly abduct and assault the prosecutrix. While the State argues admissibility on the ground of proving the identity of the perpetrator, the dissimilarity which we have above found, nullifies the probative value of the testimony for this purpose.

Unable to clearly perceive the connection between the acts as required by *Lyle, supra,* we conclude that the testimony should have been excluded. The prejudice in this testimony is manifest, and a new trial must be granted.

The errors complained of in the remaining exceptions are not likely to be presented on the retrial of this case and, accordingly, are not treated in this opinion.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.