21230

The STATE, Respondent, v. Julius A. WILSON, Appellant.

(266 S. E. (2d) 426)

*Staff Atty. Tara D. Shurling, of S. C. Appellate Defense Commission, Columbia, for appellant.*

*Atty. Gen. Daniel R. McLeod and Asst. Atty. Gen. Brian P. Gibbes, Columbia, and Sol. Capers G. Barr, III, Charleston, for respondent.*

May 14, 1980.

LITTLEJOHN, Justice:

Julius A. Wilson was convicted of first degree criminal sexual conduct and burglary, with a recommendation of mercy. Wilson appeals the conviction, asserting that the lower court erred in allowing into evidence testimony relating to subsequent crimes allegedly committed by him. We agree and reverse.

The incident for which Wilson was tried involved a sexual assault which occurred in the victim's residence in August of 1978. The victim was awakened by a blow to her head and forced to submit to sexual acts by an assailant she described as a black male about 5'8", 160 pounds, with short cropped hair and medium dark skin. She was unable to identify Wilson as her attacker. Fingerprints lifted from the outside of bedroom windows at the victim's residence were identified as Wilson's. However, the State could not show when the fingerprints were made. Apparently in order to bolster Wilson's identity, the State introduced testimony indicating he had been positively identified in relation to other charges,

an attempted crminal sexual conduct and a peeping-tom offense, which occurred in the same vicinity more than three months later. This testimony included that of the victim of the attempted criminal sexual conduct, her neighbor who identified Wilson, and the police officers who witnessed the peeping-tom incident.

It is well established that:

"[E]vidence of other crimes is competent to prove the specific crime charged when it tends to establish, (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others; (5) the identity of the person charged with the commission of the crime on trial." *State v. Lyle,* 125 S. C. 406, 118 S. E. 803 (1923). *See, also, State v. Rivers,* 273 S. C. 75, 254 S. E. (2d) 299 (1979), and *State v. Anderson,* 253 S. C. 168, 169 S. E. (2d) 706, *cert. den.* 396 U. S. 948, 90 S. Ct. 386, 24 L. Ed. (2d) 253 (1969).

Just as in *Rivers,* the State maintains that the evidence was properly admitted because it was offered (1) to prove the identity of the assailant and (2) to show a common scheme or plan. There the court said:

"For admission under either theory, our cases have required that the relationship between the acts must have established such a connection between them as would logically exclude or tend to exclude the possibility that the present crime could have been committed by another person."

The State's evidence does not meet this test.

The *Lyle* court emphasized that evidence of other crimes must be strictly scrutinized before its admission, since "the inevitable tendency of such evidence is to raise a legally spurious presumption of guilt in the minds of the jurors." *Lyle* at 125 S. C. 412, 118 S. E. at

807. If there is any doubt as to the connection between the acts, the accused is to be given the benefit of the doubt and the evidence should not be admitted. In our opinion, when the evidence is strictly scrutinized, it has no tendency to establish the identity of the assailant or to show a common scheme or plan.

It is true that there existed similarities between the rape and attempted rape, and the fingerprints on the window with the peeping-tom incident. However, these similarities are diminished when the time frame of the offenses is considered. Further, the danger of prejudice is enhanced when, as here, there has been no trial and conviction for the latter acts. The subsequent acts remain accusations. The manifest prejudice of this evidence is obvious. A new trial must be granted.

■ Wilson argues that reversible error also occurred when testimony by a police officer indicated that Wilson had fingerprints in the police files taken in 1971, and in certain remarks by the solicitor inferring that the victim had identified Wilson as the assailant. We agree that these matters were unfortunate, but think they were inadvertent. While not warranting reversal, counsel should make certain that, on retrial, they do not occur again.

Other issues are disposed of under Rule 23, since they have no precedential value and no error of law appears.

Reversed.

LEWIS, C. J., NESS and GREGORY, JJ., and DAVID W. HARWELL, Acting Associate Justice, concur.