21291

The STATE, Appellant, v. Walter THOMAS, Jr., Respondent.

(269 S. E. (2d) 768)

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Kay-G. Crowe,* Columbia, and *Asst. Sol. Harry B. Burchstead, Jr.,* Sumter, *for appallant.*

*Staff Atty. David W. Carpenter, S. C. Commission of Appellate Defense,* Columbia, *for respondent.*

September 3. 1980.

*Per Curiam:*

The State appeals an order granting respondent Walter Thomas, Jr.'s motion to suppress evidence on the ground the search warrant was defective. We reverse.

Neither party addressed the threshold issue of the appealability of this order. Appellant's case was called for trial and a jury selected, but not sworn, when respondent's motion to suppress was heard and granted. From the agreed statement in the transcript of record we observe the Solicitor then "*elected* not to proceed with the case pending appeal of this issue to the Supreme Court." (emphasis added). The State simply does not enjoy the privilege of that election because the order as it stands is interlocutory, thus not subject to an immediate appeal.

We have chosen, however, to rule on the validity of the search warrant since the case must be remanded for trial.

The trial judge granted respondent's motion to suppress on the ground the affidavit supporting the search warrant failed to set forth probable cause the property subject to seizure would be found on the premises. Appellant argues a common-sense and logical interpretation of the affidavit as a whole overcomes any asserted deficiency. See *United States v. Ventresca,* 380 U. S. 102, 85 S. Ct. 741, 13 L. Ed. (2d) 684 (1965). We agree.

The form affidavit contains the preprinted language

REASON FOR AFFIANT'S BELIEF THAT THE PROPERTY SOUGHT IS ON THE SUBJECT PREMISES

followed by a space for the affiant's response. A portion of the reason supplied by the police officer-affiant is that his reliable informant "states that he has seen within the last 8 hours, items that in his opinion was (*sic*) taken from Jimmy Polk's store."

We think it inescapable the informant is saying he saw the goods "on the subject premises" when the pre-printed language is read together with the affiant's response. There is no reason to disregard the printed language. 79 C. J. S., *Searches and Seizures*, § 73(e)(1), at page 859. Viewed in this light the affidavit plainly links the goods sought to the place to be searched, which was described with particularity in the warrant. A common-sense reading of the entire affidavit supports the magistrate's finding of probable cause that the goods were where they were claimed to be. See 68 Am. Jur. (2d), *Searches and Seizures*, § 64; see also *State v. Williams*, 262 S. C. 186, 203 S. E. (2d) 436 (1974), citing *Aguilar v. Texas*, 378 U. S. 108, 84 S. Ct. 1509, 12 L. Ed. (2d) 723 (1964), *Spinelli v. United States*, 393 U. S. 410, 89 S. Ct. 584, 21 L. Ed. (2d) 637 (1969) and *Ventresca, supra*.

Accordingly, the order granting respondent's motion to suppress is reversed and the case remanded to the Court of General Sessions for Lee County for trial.

REVERSED and REMANDED.