21359

The STATE, Respondent, v. Harley N. TURBEVILLE, Jr., Appellant.

(273 S. E. (2d) 764)

*Richard G. Dusenbury,* Florence, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Senior Asst. Atty Gen. Brian P. Gibbes* and *Asst. Atty. Gen. Kay G. Crowe,* Columbia, and *Sol. Dudley Saleeby, Jr.,* Florence, *for respondent.*

January 6, 1981.

Ness, Justice:

Appellant, an off-duty Marion County deputy sheriff, was involved in a fight with Richard Turner, when his service revolver discharged killing Turner. He was convicted of involuntary manslaughter. We affirm.

He asserts the trial court erred in allowing into evidence testimony of another independent crime (night hunting) allegedly committed by him on the same night. We disagree.

According to the general rule:

" '[E]vidence of other crimes is competent to prove the specific crime charged when it tends to establish, (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of

two or more crimes so related to each other that proof of one tends to establish the others; (5) the identity of the person charged with the commission of the crime on trial. *State v. Lyle,* 125 S. C. 406, 118 S. E. 803 (1923).' " *State v. Wilson,* S. C., 266 S. E. (2d) 426, 427 (1980).

In *Lyle* the Court held that evidence of other crimes must be strictly scrutinized before it admission. If there is any doubt regarding the connection between the acts, the accused is to be given the benefit of the doubt and the evidence should not be admitted.

"The acid test is its logical relevancy to the particular expected purpose or purposes for which it is sought to be introduced. If it is logically pertinent in that it reasonably tends to prove a material fact in issue, *it is not to be rejected merely because it incidentally proves the defendant guilty of another crime."* *Lyle, supra,* 125 S. C. at 417, 118 S. C. 803. (Emphasis added.)

The State's theory of the case was appellant had either intentitonally inflicted the mortal wounds or did so as a result of criminal negligence rather than accidentally as asserted by appellant. The evidence of night hunting, and the manner in which appellant used the weapon, was relevant to the State's theory of the case, and we conclude this evidence, occurring on the same night as the homicide, revealed appellant's state of mind and was admissible.

Appellant next asserts the trial court erred in refusing to charge the law of self defense. We disagree.

The law to be charged is determined from the evidence presented. *State v. Jones,* 273 S. C. 723, 259 S. E. (2d) 120 (1979). There is no testimony concerning self defense in the trial record, as appellant relied on the defense of accident throughout his trial.

We conclude the trial court did not err in refusing to charge the law of self defense and affirm the conviction.

Affirmed.

LEWIS, C. J., and LITTLEJOHN and GREGORY, JJ., concur.

HARWELL, J., not participating.