21478

The STATE, Respondent, v. William B. TURNER, Appellant.
(279 S. E. (2d) 180)

*Staff Atty. David W. Carpenter* of *S. C. Commission of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Kay G. Crowe,* Columbia, and *Sol. Dudley Saleeby, Jr.,* Florence, *for respondent.*

June 4, 1981.

GREGORY, Justice:

Appellant was convicted of housebreaking and assault with intent to commit criminal sexual conduct. He asserts the trial court erred in permitting reference to allegations of prior sexual assault charges against appellant. We agree and reverse.

The court permitted, prior to appellant testifying the following allegations of misconduct not connected with this case.

(1) Warrant for rape.

(2) Warrant for housebreaking and assault.

(3) Warrant for sexual assault.

(4) Warrant for housebreaking and assault.

The disposition of the above charges are not revealed by the record. We held in *State v. Wilson,* S. C., 266 S. E. (2d) 426, 427 (1980), "the danger of prejudice is enhanced when, as here, there has been no trial and conviction . . ." The manifest prejudice of the evidence is obvious. A new trial must be granted.

Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.