21593

The STATE, Respondent, v. Wayne BYERS, Appellant.
(284 S. E. (2d) 360)

Asst. App. Defender Tara D. Shurling, of S. C. Commission of App. Defense, Columbia, and Veronica G. Small, Charleston, for appellant.

Atty. Gen. Daniel R. McLeod and Asst. Atty. Gen. Brian P. Gibbes, Columbia, and Asst. Sol. Linda S. Lombard, Charleston, for respondent.

Novembr 10, 1981.

NESS, Justice:

Appellant, Michael Wayne Byers, was convicted of armed robbery. He asserts the trial court erred in allowing the State to introduce evidence of his guilty plea to a subsequent crime. We disagree and affirm.

Byers was charged with armed robbery of a cab driver near the James Island Shopping Center in Charleston, South

Carolina. The cab driver gave a description of Byers to the police based on their face to face confrontation during the robbery.

Three days after the robbery the cab driver returned to the scene to look for his wallet which he thought had been thrown out of the car during the robbery. While there, he inadvertently walked within four to five feet of the appellant, Byers. Upon recognizing him, Byers turned and fled.

The cab driver immediately notified the police of the confrontation with his recognized assailant. While in route to respond to this call the police officer received another dispatch in reference to a truck having just been stolen from behind the same shopping center.

About two hours later the police apprehended appellant, Byers, driving the stolen truck. Byers matched the description given by the cab driver and was identified in a subsequent lineup proceeding. He pled guilty to temporary use of a vehicle without permission.

It is the testimony of the police officer concerning the arrest of appellant, and the admission into evidence of Byers' guilty plea to temporary use without permission of the truck at his trial for armed robbery which forms the basis of this appeal.

Generally, evidence of other crimes or misconduct is not admissible to prove the crime charged unless the submitted evidence tends to establish (1) motive, (2) intent, (3) the absence of mistake or accidents, (4) a common scheme embracing the commission of two or more crimes, or (5) unless it tends to establish the identity of the person charged with committing the crime on trial. *State v. Wilson,* 274 S. C. 635, 266 S. E. (2d) 426 (1980); *State v. Rivers,* 273 S. C. 75, 254 S. E. (2d) 299 (1979).

The State argues the evidence was properly admitted because it was offered: (1) to prove the identity of the appellant as perpetrator of the offense and (2) to show a common scheme of flight by appellant from his recognized victim.

In South Carolina, "—we recognize that evidence of flight [is] proper. We also recognize that it is oftentimes appropriate for counsel to argue to the jury the inferences growing out of

flight." *State v. Grant,* S. C., 272 S. E. (2d) 169 at 171 (1980). The relevancy and ultimate admissibility of such evidence is based on the direct connection between the two crimes.

Evidence of the theft of the truck in this case tended to prove: (1) that the appellant was at the shopping center at the same time the cab driver spotted him; (2) that the appellant knew he was identified by his victim; and (3) that he fled to avoid capture.

"Whether the requisite degree of relevancy exists is a judicial question to be resolved in the light of the consideration that the inevitable tendency of such evidence is to raise a legally spurious presumption of guilt in the minds of the jurors. *Hence if the Court does not clearly perceive the connection between [the two crimes] the accused should be given the benefit of the doubt, and the evidence should be rejected."* *State v. Rivers,* 273 S. C. at 77, 254 S. E. (2d) 299 (Emphasis supplied).

Here the closeness in proximity and in time of the confrontation between the victim and his assailant and the occurrence of the theft of the truck establishes the requisite relevancy between the two crimes.

"The decision of the trial judge to receive or exclude the challenged evidence is largely one within his discretion and will not be disturbed absent some clear abuse." *State v. Woomer,* S. C., 277 S. E. (2d) 696 (1981); *State v. Hiott,* S. C., 276 S. E. (2d) 163 (1981).

We find no error in admitting the testimony of appellant's arrest and guilty plea.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.