### 1752

The STATE, Respondent v. Angelo BOSTICK, Appellant.

(414 S.E. (2d) 175)

Court of Appeals

*Asst. Appellant Defender Robert M. Pachak* of *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Norman Mark Rapoport,* Columbia, and *Sol. Randolph Murdaugh, III,* Hampton, *for respondent.*

Heard Dec. 2, 1991.

Decided Jan. 13, 1992.

SANDERS, Chief Judge:

Defendant Angelo Bostick appeals his conviction for distribution of crack cocaine. The single issue presented on appeal is whether the trial judge erred in overruling his motion for a mistrial or, in the alternative, a curative instruction, when a witness testified the police had information that the defendant had been selling crack cocaine prior to the occasion which led to his being charged. We reverse and remand for a new trial.

An individual, hired by the police to make drug buys, testified he had bought crack cocaine from the defendant at a variety store in Jasper County. The theory of the defense was that the witness had confused someone else with the defendant. A police officer, called to testify for the State, blurted out: "We had intelligence prior to this that uhm, Angelo Bostick had been selling crack cocaine from the store." His statement was not in response to any question. The defendant objected and, thereafter, moved for a mistrial

or that the jury be instructed to disregard what the police officer said. He stated, as the grounds for his motion, that the testimony amounted to evidence of prior bad acts, put his character in evidence, had no foundation, and was so highly prejudicial he was denied a fair trial.[1] The trial judge denied the motion.

"Under our system of justice, a conviction must be based upon evidence of the offense for which the accused is on trial rather than prior criminal or immoral acts." *State v. Gore*, 283 S.C. 118, 120, 322 S.E. (2d) 12, 13 (1984). "It is well established that evidence of other crimes or prior bad acts is inadmissible to show criminal propensity or to demonstrate the accused is a bad individual." *State v. Coleman*, 301 S.C. 57, 60, 389 S.E. (2d) 659, 660 (1990). "In a criminal case, the State cannot attack the character of the defendant unless the defendant [himself or] herself first places [his or] her character in issue." *Mitchell v. State*, 298 S.C. 186, 188, 379 S.E. (2d) 123, 125 (1989).

The State first argues that, even if what the police officer said was inadmissible, the defendant's conviction should not be reversed because he was not prejudiced by the testimony. We reject this argument. The

---

[1] Counsel for the defendant did not put the grounds for his objection on the record at the time he objected. The transcript reflects that, in response to his objection, the trial judge instructed him to: "Approach the bench." The transcript then reflects that: "A conference was held out of the hearing of the Court Reporter." The transcript does not, however, reveal any ground or grounds for the objection or any ruling by the trial judge at that point. Thereafter, when counsel moved for a mistrial, he said: "I would renew that motion [for] the record." He then proceeded to state clearly the grounds for his motion. A specific objection to evidence is required to preserve the issue of admissibility for review. *State v. Hess*, 279 S.C. 14, 301 S.E. (2d) 547 (1983). "Failure to contemporaneously object to [evidence] now advanced as prejudicial cannot be later bootstrapped by a motion for a mistrial." *State v. Lynn*, 277 S.C. 222, 226, 284 S.E. (2d) 786, 789 (1981). Nevertheless, we conclude that counsel in the instant case acted sufficiently to preserve the issue. He interposed a contemporaneous objection to the testimony. It is reasonably inferable that he moved for a mistrial and stated the grounds for his motion, and thus for his objection, at the bench conference. In any event, he clearly stated the grounds thereafter, when he moved for a mistrial on the record. We are influenced to reach this conclusion by the fact that the State does not argue that counsel did not preserve the issue and disclaimed any such contention at oral argument. (As per recently published authority, we have not underlined case names in the footnotes of this opinion. *See* P. Benson and D. Davis, *A Guide to South Carolina Legal Research and Citation* (1991) (the definitive authority in this State on the subject of citations).) [Editor's

issue the jury was called upon to decide was whether the individual hired by the police had bought the crack cocaine from the defendant or from some other person he had confused with the defendant. Quite obviously, testimony that the police had information the defendant had previously sold crack cocaine would tend to influence the jury in deciding whether he did so on the occasion in question. "The inevitable tendency of such evidence is to raise a legally spurious presumption of guilt in the minds of the jurors." *State v. Wilson*, 274 S.C. 635, 637, 266 S.E. (2d) 426, 427 (1980). "When, as here, the previous alleged bad act is strikingly similar to the one for which the [defendant] is being tried, the danger of prejudice is enhanced." *State v. Gore*, 283 S.C. at 121, 322 S.E. (2d) at 13. "Further, the danger of prejudice is enhanced when, as here, there has been no trial and conviction for the [alleged previous criminal activity]. The subsequent acts remain accusations. The manifest prejudice of this evidence is obvious." *State v. Wilson*, 274 S.C. at 638, 266 S.E. (2d) at 427.

In a footnote to its brief, the State argues further that the testimony was relevant and admissible pursuant to exceptions recognized in *State v. Lyle*, 125 S.C. 406, 118 S.E. 803 (1923).[2] We also reject this argument. "Even if evidence of other crimes is deemed relevant and admissible, the evidence may still be excluded if its probative value is substantially outweighed by the danger of undue prejudice. . . ." *State v. Johnson*, 293 S.C. 321, 324, 360 S.E. (2d) 317, 319 (1987).[3] The probative value of the evidence in the instant case is greatly diminished by its very nature. The police

---

[2] In *Lyle*, the Court recognized certain exceptions to the rule that evidence of other crimes is not admissible to prove the crime charged, *i.e.*, when the evidence tends to establish: (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related that proof of one tends to establish the other; and (5) the identity of the person charged. *State v. Bell*, 302 S.C. 18, 393 S.E. (2d) 364 (1990).

[3] Lawyers commonly object to evidence on the ground that it is "prejudicial." Sometimes they emphasize their unhappiness by saying "highly prejudicial." Without anything more, such an objection does not preserve the issue of admissibility. Evidence cannot be excluded simply because it is prejudicial. Almost all evidence is prejudicial to somebody. Saying evidence is prejudicial is another way of saying it is relevant. A proper objection, based on the prejudicial nature of evidence, should say that it is "unduly prejudicial." In other words, the objection should be based on the ground that any probative value the evidence may have is outweighed by its prejudicial nature.

officer did not claim to have any first-hand knowledge that the defendant had previously sold crack cocaine. Rather, he based his testimony to this effect on something he referred to, nebulously, as "intelligence." As a result, the probative value of his testimony was substantially outweighed by its prejudice.

Reversed and remanded.

GARDNER and GOOLSBY, JJ., concur.

