2011

The STATE, Appellant v. Levern HENRY, Respondent.

(432 S.E. (2d) 489)

Court of Appeals

*Attorney General T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Miller W. Shealy, Jr.;* and *Sol. Richard A. Harpootlian,* Columbia, *for appellant.*

*William F. Nettles, IV,* of *Savage, Royall & Sheheen,* Camden, *for respondent.*

Heard Mar. 24, 1993.

Decided May 10, 1993.

GARDNER, Judge:

Levern Henry (Henry) was indicted for sexual crimes against his stepdaughter, Jenne Blount. At a pre-trial hearing, the State made a motion to admit the testimony of an older stepdaughter, Nayenda, and a younger stepdaughter, Tonita, both of whom had allegedly been sexually abused by Henry. The trial court denied the State's motion. The State appeals. We affirm in part, reverse in part and remand.

## FACTS

The facts, as proffered by the State, show that Henry abused his two other stepdaughters over a period of years. The alleged abuse of Nayenda and Jenne consisted of a number of common elements including: viewing pornographic videos in the home, offering money to accomplish his objectives, touching in a sexually offensive manner, and threatening that if the victims did not participate, privileges would be withheld. Henry allegedly attempted to extend this abusive pattern to his youngest stepdaughter, Tenita, but his progression was stopped when she disclosed his behavior to her mother. Shortly thereafter, the mother contacted the police, and Henry was arrested on February 19, 1991.

## DISCUSSION

We review this appeal under *State v. McKnight,* 287 S.C. 167, 337 S.E. (2d) 208 (1985) *overruling State v. Thomas,* 275 S.C. 274, 269 S.E. (2d) 768 (1980), which provides in pertinent part:

A pre-trial order granting the suppression of evidence which significantly impairs the prosecution of a criminal case is directly appealable under S.C. Code Ann. § 14-3-330(2)(a) (1976).

*Id.* at 168, 337 S.E. (2d) at 209. Henry argues that the State can obtain a conviction without the subject testimony and, therefore, the exclusion of such evidence does not significantly impair the prosecution of the case. We disagree and hold that the suppression of the subject testimony would significantly impair the State's case. Accordingly, the pre-trial order is directly appealable.

Generally, evidence of prior offenses is not admissible ■ to prove the crime for which the defendant is charged. *E.g., State v. Lyle,* 125 S.C. 406, 118 S.E. 803 (1923). If, however, evidence of prior bad acts is sufficiently similar to the offense charged, it may be admitted if its probative value clearly outweighs its prejudicial effect. *State v. Hallman,* 298 S.C. 172, 379 S.E. (2d) 115 (1989); *State v. McClellan,* 283 S.C. 389, 323 S.E. (2d) 772 (1984). *See also State v. Simmons,* — S.C. —, —, 427 S.E. (2d) 175 (1993) (evidence of other crimes admissible under *Lyle* as tending to establish intent).

We hold that the testimony of the oldest stepdaughter, ■ Nayenda, is clearly admissible under *Lyle.* Both Jenne and Nayenda experienced similar acts of abuse from the defendant which occurred in the same places and during the same time frame.[1] We hold that the probative value of Nayenda's testimony substantially outweighs any danger of unfair prejudice. Thus, her testimony falls within the *Lyle* common scheme exception.

The testimony of the youngest stepdaughter, Tenita, is a much closer question. Tenita was not subjected to the alleged abusive conduct to the extent of her sisters. The crimes committed on Jenne and Tenita are not "so related to each other that proof of one tends to establish the other." *State v. Wilson,*

---

[1] In *State v. Rogers,* 293 S.C. 505, 362 S.E. (2d) 7 (1987), the Supreme Court held that the testimony of the victim's sister, regarding other abusive conduct by the defendant, did not tend to show a common scheme because the acts were dissimilar from the offense charged and occurred ten years apart. We distinguish *Rogers* from the present case based on the similarity in character and time of the alleged crimes.

274 S.C. 635, 637, 266 S.E. (2d) 426, 427 (1980), *citing State v. Lyle*, 125 S.C. 406, 118 S.E. 803 (1923). There must be a connection between the crime charged and the prior bad act or the accused should be given the benefit of the doubt. *State v. Rivers*, 273 S.C. 75, 254 S.E. (2d) 299 (1979). Accordingly, we hold that Tenita's testimony should be excluded to prevent undue prejudice.

Thus, we hold that the trial court erred in suppressing the testimony of Nayenda, and reverse and remand for further proceedings consistent with this decision. We affirm the trial court's exclusion of the testimony of Tenita as insufficiently related to the crimes charged.

For the foregoing reasons, we affirm in part, reverse in part and remand.

Affirmed in part, reversed in part and remanded.

SHAW and BELL, JJ., concur.