THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Molly L. McCurry, Appellant.
 
 
 

Appeal From Spartanburg County
 J. Derham Cole, Circuit Court Judge

Unpublished Opinion No. 2011-UP-335
Submitted June 1, 2011  Filed June 27, 2011

AFFIRMED

 
 
 
  Appellate Defender Robert M. Pachak, of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant
 Attorney General Julie Thames, all of Columbia; and Solicitor Barry Barnette, of Spartanburg, for Respondent.
 
 
 

PER CURIAM:  Molly L. McCurry appeals her convictions on three counts of child abuse with great bodily injury and three counts of unlawful
conduct toward a child, arguing the circuit court erred in (1) allowing McCurry's character to be improperly placed at issue during her co-defendant's opening
statement; and (2) allowing McCurry to be improperly impeached during trial with testimony of drug usage.  We affirm.[1]
In 2006, McCurry was indicted along with her husband Scott McCurry (Co-defendant) of child abuse with great bodily injury and unlawful conduct toward a
child.  During a direct examination of McCurry, Co-defendant asked McCurry if she was buying drugs.  McCurry denied she was buying drugs and denied
she had a drug problem.  Co-defendant sought numerous times to elicit testimony from various witnesses about McCurry's use of crack cocaine. 
Co-defendant also referenced McCurry's drug use in his opening and closing statements.
McCurry contends the circuit court erred in allowing her character to be improperly placed at issue during Co-defendant's opening statement because it was
plain error to allow attacks on her character without her putting it at issue.  McCurry contends this was error because no such evidence about her drug use
had yet been put forth and it was merely done "to prejudice [McCurry] right out of the gate."  McCurry also argues the mention of drugs suggested
an improper basis for the jury's findings and damaged her credibility. 
"An objection made during an off-the-record conference which is not made part of the record does not preserve the question for review."  York
v. Conway Ford, Inc., 325 S.C. 170, 173, 480 S.E.2d 726, 728 (1997).  An objection must be made on a specific ground.  State v.
Nichols, 325 S.C. 111, 120, 481 S.E.2d 118, 120-21 (1997).  "[A] general objection which does not specify the particular ground on which the
objection is based is insufficient to preserve a question for review."  State v. Patterson, 324 S.C. 5, 17, 482 S.E.2d 760, 766 (1997)
(citations and internal quotation marks omitted). 
We find the issue concerning the opening statement is not preserved for our review.[2]  McCurry made a
general objection to Co-defendant's reference to her drug use in his opening statement.  The specific grounds for her objection and the court's ruling were
presumably stated during the off-the-record bench conference, but neither the grounds nor the ruling appears in the record.  Furthermore, it is not
apparent from the context what the objection was based on or what the circuit court's subsequent ruling was.
McCurry argues the circuit court erred in allowing her to be impeached with testimony about her drug use.  McCurry contends she was improperly impeached
by evidence of prior bad acts, which were not the subject of a conviction, after she denied using drugs.  McCurry cites seven instances where Co-defendant
elicited testimony about her drug use.  We find that six of these instances are not preserved for our review because the objections were determined during
off-the-record bench conferences and the specific grounds and rulings were never made part of the record.  York, 325 S.C. at 173, 480 S.E.2d at
728 ("An objection made during an off-the-record conference which is not made part of the record does not preserve the question for review.").
The final testimony at issue was Co-defendant's proffered testimony about his experiences with McCurry's drug use.  We find this issue is also not
preserved because McCurry's arguments were general in nature and not sufficiently specific.  See State v. Bostick, 307 S.C. 226, 229 n.3, 414
S.E.2d 175, 177 n.3 (Ct. App. 1992) (holding a trial judge commits no error in overruling general objections such as "highly prejudicial"). 
  
AFFIRMED.
HUFF, WILLIAMS, and THOMAS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] For the benefit of the bar, we take this opportunity to remind lawyers of the importance of placing off the
record bench conferences on the record.  Without knowing what occurred off the record, this Court is unable to adequately review any alleged error.