20556

The STATE, Respondent, v. George GREEN and Isaac Moore, Appellants.

(239 S. E. (2d) 646)

*Kenneth M. Suggs, Luther M. Lee, and Barry B. George,* of Columbia, *for Appellants,*

*Daniel R. McLeod, Atty. Gen., Brian P. Gibbes, Asst. Atty. Gen., Kay G. Crowe, Staff Atty.,* and *James C. Andres, Sol.* of ·Columbia, *for Respondent,*

December 5, 1977.

Ness, Justice:

Appellants and one Leroy Amiker were indicted for an armed robbery occurring on June 28, 1976, at Robinson Trip's Fried Chicken in Columbia. Amiker was found not guilty and appellants were found guilty and sentenced to twenty years imprisonment. We affirm.

Appellants first assert that the State failed to prove an armed robbery occurred on the date alleged in the indictment. We disagree.

The crime occurred on June 28, 1976, the date contained in the indictment; however, the solicitor inadvertently referred to another date when questioning some of the witnesses. Appellants' reliance on *State v. Pierce,* 263 S. C. 23, 207 S. E. (2d) 414 (1974), is misplaced, as this is not a case where the indictment charged a crime occurring on one date and the State proved a different date. Appellants were tried and convicted of the crime occurring on the date set forth in the indictment. They were neither surprised nor prejudiced by the fact that the solicitor referred to the wrong date. This exception is without merit.

Appellants next except to the trial judge's denial of their request to comment on Leroy Amiker's refusal to take the stand. We believe the trial judge's decision was proper. A defendant in a criminal case has the benefit of the presumption of innocence and he should not be deprived of this advantage by adverse comments on his decision to remain silent. We perceive no distinction in the fact that the comments here would have been made by a co-defendant's attorney rather than by the solicitor. As was stated in *De Luna v. United States,* 308 F. (2d) 140 (5th Cir. 1962):

"If comment on an accused's silence is improper for judge and prosecutor, it is because of the effect on the jury, not just because the comment comes from representatives of the State. Indeed, the effect on the jury of comment by a co-defendant's attorney might be more harmful than if it comes from judge or prosecutor." 308 F. (2d) at 152.

*De Luna* appears to be the first federal case to address this issue. It involved the joint trial of two defendants accused of a narcotics offense. Reversing the conviction of the defendant whose failure to testify was commented on by his co-defendant's counsel, the court concluded that an accused's guaranty of freedom from self-incrimination extended to prejudicial remarks made by a co-defendant's attorney. It held that in the event one co-defendant's lawyer must draw the

jury's attention to a possible inference of guilt arising from a co-defendant's silence, the trial judge should order separate trials.

The rationale of *De Luna,* that it is proper for a trial judge to refuse to allow a defendant's counsel to comment on the failure of a co-defendant to testify, has been followed by other courts. *People v. Gilmour,* 56 Misc. (2d) 852, 290 N. Y. S. (2d) 582 (1968); *U. S. v. Gleason,* 259 F. Supp. 282 (D. C. N. Y. 1966); *U. S. v. McKinney,* 379 F. (2d) 259 (6th Cir. 1967); *Gurleski v. U. S.,* 405 F. (2d) 253 (5th Cir. 1968), cert. den. 395 U. S. 981, 89 S. Ct. 2140, 23 L. Ed. (2d) 769; 1 ALR (3d) 989. While an attorney's duty to his client may create the necessity of making such comments in some circumstances, the right is limited to those occasions where defendants' defenses are based on mutually exclusive theories of guilt. *Gurleski v. U. S., supra; U. S. v. Nakaladski,* 481 F. (2d) 289 (5th Cir. 1973), cert. den., 414 U. S. 1064, 94 S. Ct. 570, 38 L. Ed. (2d) 469.

■ We find appellants' argument that their trial should have been severed from that of Leroy Amiker to be without merit. There is no evidence that the co-defendants' positions were antagonistic to one another or that any prejudice resulted from appellants' inability to comment on Mr. Amiker's silence. It is well settled that a motion for serverance is addressed to the sound discretion of the trial judge, and his decision will not be disturbed absent an abuse of discretion. *State v. Francis,* et al., 152 S. C. 17, 149 S. E. 348 (1929); *State v. Allen,* 266 S. C. 175, 222 S. E. (2d) 287 (1976).

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.