### 20710

The STATE, Respondent, v. A. P. VERMILLION, Appellant.

(245 S. E. (2d) 128)

*T. Louis Cox,* Spartanburg, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Brian P. Gibbes* and *Sally G. Young,* Columbia, and *Solicitor John H. Nolen,* Spartanburg, *for respondent.*

June 8, 1978.

*Per Curiam:*

Appellant was convicted for the murder of his father and sentenced to life imprisonment. On this appeal he alleges error in the admission of evidence concerning a life insurance policy on his father's life taken out by appellant shortly prior to his father's death. Appellant's wife was beneficiary of this policy.

It is clear that had appellant been the named beneficiary, the testimony in question would be admissible to establish motive. *State v. Thomas,* 159 S. C. 76, 159 S. E. 169 (1930). We hold that it is not necessary to show that the defendant was the beneficiary under a policy of life insurance on the life of the deceased in order to render it relevant and admissible if there is some showing that the defendant would derive some benefit from the proceeds of the policy. *People v. Dorr,* 346 Ill. 295, 178 N. E. 476 (1931) ; 40 C. J. S. Homicide § 235 at 1166. Such a showing was made in this case. Appellant procured the policy on his father, provided the insurance company with the necessary information, requested that all correspondence concerning the policy be forwarded to him and finally made his wife, with whom he was living, beneficiary under the policy. Given these facts it is evident that appellant stood to derive some benefit from the proceeds of this policy. Accordingly, the conviction is affirmed.