20887

The STATE, Respondent, v. Henry T. HARTFIELD, Appellant.

(252 S. E. (2d) 139)

*Richard G. Dusenbury,* Florence, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Brian P. Gibbes* and *Kay G. Crowe,* Columbia, and *Sol. T. Kenneth Summerford,* Florence, *for respondent.*

February 14, 1979.

LITTLEJOHN, Justice:

The defendant-appellant, Henry T. Hartfield, was indicted for the murder of Le Marquis DiJon. He was convicted by a jury of voluntary manslaughter and sentenced to 27 years in prison. In this appeal he has alleged several trial errors.

The decedent and the defendant lived together in a cabin near Lynches River. It is the contention of the State that the defendant struck the deceased with some unidentified wide, flat object and dragged him down the road to make it appear as if there had been an accident. It is the contention of the defendant that the deceased left the cabin to walk his dog; shortly thereafter the defendant states that he left the cabin in his car to go for cigarettes at a store. While traveling about 20 miles per hour down the road, he approached the decedent, who attempted to jump on the hood of the moving car as he had done on other occasions. He fell off and fractured his skull. The defendant put him in the car and

carried him to the hospital, where he died. No eye-witnesses testified in the case, and it was submitted to the jury largely on circumstantial evidence.

The first question, as taken from defendants' brief, is as follows:

## Question 1

Did the Court err in permitting the deceased's first cousin Harold Driver to testify, over objection, that a homosexual named Robbie McCown on hearing of the death of the deceased, told Driver that 'he knew Hartfield was going to kill him' and 'that they would probably try to involve him (McCown) in it, but they wouldn't be able to do it because he had an alibi', in that this testimony was hearsay that was irrelevant and prejudicial and did the Court err in denying Appellant's motion for a mistrial after this testimony was admitted?

The defendant contends that the following testimony by Driver as a witness for the State constituted prejudicial error:

[Solicitor]

Q. Now before you found out how your brother [1] [DiJon] was killed did Robbie McCown make any statement to you, sir?

[Driver]

A. Yes, sir.

Q. What?

A. He said he knew Hartfield was going to kill him.

Q. Did he make any further statement about his presence?

A. Well, he said that they would probably try to involve him in it, but they wouldn't be able to do it because he had an alibi. He wasn't there.

By Atty. Dusenbury: We would move for a mistrial on that, Your Honor.

---

[1] In the evidence Driver is sometimes called brother of the deceased and sometimes called cousin of the deceased.

By The Court: That was what McCown said:

By Sol. Summerford: Yes, sir, that's correct.

By The Court: Your motion is denied.

We agree with the defendant that the statement attributed to McCown was prejudicial. McCown did not testify. The State argues that this hearsay is admissible under the *res gestae* rule, since McCown made the statement about a half hour after he had learned of DiJon's death, and that, even if not admissible, the same is harmless. We disagree. The motion for a mistrial should have been granted or, at least, the judge should have charged the jury to disregard the evidence. We think that a new trial is required.

Inasmuch as the issues raised by the additional questions will probably arise at another trial, we proceed to rule upon them. Defendant alleges error in the handling of the evidence of the State, directed to the proposition that the defendant was a homosexual. Two of the defendant's questions will be treated together and are as follows:

## Question 2

Did the Court err in admitting over objection testimony and evidence pertaining to Appellant being a homosexual and to specific acts of homosexuality after Appellant's denial, in that such testimony related only to collateral matters, was irrelevant and immaterial on the issues in the trial and was extremely inflammatory and prejudicial?

## Question 3

Did the Court err in permitting the Solicitor to argue the Appellant's homosexuality to the jury, in refusing to strike this argument and issue remedial instructions to the jury, and in refusing to grant a mistrial, in that the Solicitor's argument of such matters was improper, inflammatory and prejudicial and immaterial on any proper issue relating to the Appellant's guilt?

There is evidence which if believed warrants the conclusion that both the defendant and the deceased were homosexuals. Either the State or the defendant is entitled to submit evidence relative to the relationship of the parties. In 40 Am. Jur. (2d) *Homicide,* § 274, we find the following:

§ 274. Previous relations of parties.

The relation which existed between the person accused of a homicide and the deceased is often an important factor to be considered in determining the culpability of the accused. Whether he denies the fact of killing, asserts that he acted in self-defense, or contends that by reason of provocation the crime is manslaughter only, proof of the previous relations of the prisoner and the deceased, whether friendly or hostile or whatnot, is relevant and competent. . . .

It was not improper for the judge to admit evidence relative to the relationship which existed between the defendant and the deceased, however we are not at all sure but that the evidence allowed, together with the argument of counsel to the jury, tended to try the defendant for being a homosexual. It is common knowledge that a substantial portion of the populace, and presumably a substantial portion of the jurors, look with disdain upon homosexuals. When pursued for any purpose other than to prove or disprove some fact in issue, evidence of a homosexual relationship tends to become an attack upon the character of the defendant. Upon remand and on a new trail, the judge should be meticulous to see that such evidence and argument, if presented, is kept in bounds and used only for relevant and proper purposes.

The last question submitted by the defendant is as follows:

## Question 4

Did the State commit prejudicial error in introducing and did the Court err in refusing to strike from evidence an insurance policy introduced to prove motive when that policy designated James T. Hartfield as the beneficiary instead of

Henry T. Hartfield, the Appellant, in that the State misrepresented that the Appellant was the beneficiary, and this particular exhibit was not relevant or material and was highly prejudicial?

During the trial the State introduced into evidence ██ applications for insurance policies on the life of decedent, DiJon, one of which was payable to the defendant and one of which was payable to "James T. Hartfield." There is some dispute as to whether the James T. Hartfield policy was actually payable to the defendant. The applications were admitted on the solicitor's assurance that the policies would be offered in evidence later, which they were not. Upon a new trial, the State will be permitted to introduce in evidence proof of insurance coverage showing that the defendant would derive some benefit from the proceeds. The policies would be the best evidence and should be submitted unless unavailable. A policy payable to a brother of the defendant would not be admissible unless it be shown that the defendant would receive some benefit. In the recent case of *State v. Vermillion*, S. C., 245 S. E. (2d) 128 (1978), we held a policy on the life of the deceased which was payable to the wife of the defendant, admissible. Under the facts, there was obviously a benefit flowing to the defendant.

Because of the errors set forth above, the case is remanded for a new trial.

Reversed and Remanded.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.