## 21435

The STATE, Respondent, v. Daniel V. HOGG, Appellant.

(277 S. E. (2d) 592)

*James L. Mann, II,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen., Kay G. Crowe, Russell D. Ghent* and *Lindy P. Funkhouser,* Columbia, and *Sol. John R. Justice,* Chester, *for respondent.*

April 21, 1981.

NESS, Justice:

Appellant Daniel V. Hogg was convicted of the unlawful burning of a building. We affirm.

He initially challenges the constitutionality of S. C. Code § 16-11-120 asserting he was deprived of his right as a property owner to dispose of and control his own property. Appellant lacks standing to challenge the statute as he held no property interest in the building that was destroyed. See: *Warth v. Seldin,* 422 U. S. 490, 95 S. Ct. 2197, 45 L. Ed. (2d) 343 (1975); *Rakas v. Illinois,* 439 U. S. 128, 99 S. Ct. 421, 58 L. Ed. (2d) 387 (1978).

On April 12, 1977, the Hill Top Club was destroyed by fire. Prior to this time the club had been closed by law enforcement authorities. The State contends the club had been burned to collect insurance proceeds. Hogg had managed the club for the owner, Newby Love.

Appellant next asserts the trial court erred in admitting evidence of insurance and the payment of the claim. We disagree.

Admissibility of evidence rests in the sound discretion of the trial judge and will not be disturbed on appeal absent an abuse of discretion. *State v. Bailey*, S. C., 274 S. E. (2d) 913 (1981). Proof of insurance is admissible to establish motive, and even if the insurance is not in the name of the accused, it is admissible if some connection is established between appellant and the named insured in order to establish the unlawful motive. See: 6A C. J. S., Arson, § 41(b), p. 264.

There is testimony in the record regarding the procurement of the burning of the building, with the price to burn it dependent upon whether payment was made prior to or after the insurance had been collected. This evidence was relevant to show (1) the relationship between appellant and the owner/insured; and (2) that the amount of payment depended on the insurance payoff. See: *Francis v. Mauldin, et al.*, 215 S. C. 374, 55 S. E. (2d) 337 (1949). Cf. *State v. Vermillion*, 271 S. C. 99, 245 S. E. (2d) 128 (1978); *State v. Hartfield*, 272 S. C. 407, 252 S. E. (2d) 139 (1979).

Appellant's remaining exceptions are without merit and are dismissed pursuant to Supreme Court Rule 23.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.