22000

The STATE, Respondent, v. David G. SMITH, Appellant.
(308 S. E. (2d) 794)

*Appellate Defender John L. Sweeny* and *Asst. Appellate Defender Elizabeth C. Fullwood,* Columbia, *for appellant.*

*Atty. Gen T. Travis Medlock, Retired Atty. Gen Daniel R. McLeod* and *Asst. Atty. Gen. Carolyn M. Adams,* Columbia, and *Sol. William B. Traxler, Jr.,* and *Asst. Sol. Russell D. Ghent,* Greenville, *for respondent.*

November 3, 1983.
LEWIS, Chief Justice:

Appeal is taken from conviction on a charge of murder resulting in a sentence of life imprisonment. We reverse and remand for a new trial.

Appellant raises two issues upon this appeal. The first question merits summary disposition. Error is claimed by reason of the trial judge's charge to the jury concerning the implication of malice from use of a deadly weapon. No objection to the jury instruction was raised at trial. The question therefore is not available for our review. Section 17-23-100, Code of Laws, 1976.

A serious question is presented, however, by the admission of certain "reply" testimony for the State. In this case, appellant was charged with the stabbing murder of his girl friend. At trial the defendant took the witness stand and testified, among other things, to his defense of alibi and his love for the victim. While defendant admitted on direct examination to one federal conviction for mail fraud, he at no point placed his general character in issue.

On cross-examination, appellant was questioned about his relationships with other women during the three years of his professed devotion to the victim. Appellant's responses were distinctly evassive, especially as they pertained to one Pat Dickson. With the testimony in this posture, the defense rested. The State called Pat Dickson in reply to testify that she had on many occasions been sexually intimate with the defendant at the very time he claimed to love the victim. At this point the reply testimony was proper and admissible as it bore upon the defendant's credibility.

Continuing with the examination of Mrs. Dickson, the State brought to light an incident occurring one month before the victim's murder. According to the witness, appellant came to her home late one night in a state of intoxication and with violence committed a sexual battery upon her. At the time of this trial, the incident had not been reported by the witness and obviously was not the subject of any arrest, indictment or, to say the least, conviction.

Defense objections to the testimony were overruled. This was error. The State urges that the defendant's repeated professions of love for the victim, and denials of any motive for killing her, entitled the prosecution to directly refute these contentions with evidence of callous fickleness. We do not find, however, that the State laid any foundation (if such be possible) for the admission of this devastating testimony of an uncharged offense. We adhere to

the sound general rule, applicable here, that evidence of prior crimes should rest upon actual convictions, in view of the danger of prejudice where no trial and conviction has occurred. *State v. Harvey*, 275 S. C. 225, 226, 268 S. E. (2d) 587; *State v. Wilson*, 274 S. C. 635, 638, 266 S. E. (2d) 426; *State v. Chasteen*, 231 S. C. 141, 146, 97 S. E. (2d) 517. As offered in this case, the testimony was indeed prejudicial to the appellant and the prejudice, we believe, far outweighed its probative value.

Accordingly, the judgment below is reversed and the case remanded for new trial.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.