## 22301

The STATE, Respondent, v. Edward STRICKLAND and Dayton Huggins, of whom Dayton Huggins is, Appellant.

(329 S. E. (2d) 759)

Supreme Court

*Appellate Defender John L. Sweeny* and *Deputy Appellate Defender William Isaac Diggs,* of *S. C. Office of Appellate Defense,* and *Alvin Hammer,* all of Columbia; and *John C. Lindsay,* Bennettsville, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Staff Atty. Carlisle Roberts, Jr.,* all of Columbia, and *Sol. James O. Dunn,* Conway, *for respondent.*

Heard Feb. 4, 1985.

Decided April 25, 1985.

*Per Curiam:*

Dayton Huggins appeals from a murder conviction and life sentence. We affirm.

On November 13, 1982, Huggins and a co-defendant, Edward Strickland were in Tabor City, North Carolina at approximately 8:30 p.m. They became involved in a fight with Lavell Spivy, Roger Suggs and Jerry Coleman. This altercation lasted until shortly after 9:00 p.m.

Thereafter, Huggins and Strickland returned to Loris, South Carolina, which is approximately six miles from Tabor City. At about 10:00 p.m., they became involved in a heated argument with Wallace Bruton and several of Bruton's friends. This argument erupted into a fight at Heniford Field. While fighting with Strickland and appellant, Bruton was stabbed and subsequently died.

At trial, Spivey and Coleman testifed regarding the Tabor City incident. Appellant alleges error. We disagree.

Under the rule of *State v. Lyle*, 125 S. C. 406, 118 S. E. 803 (1923) and its progeny, evidence of other bad acts is admissible to demonstrate state of mind or intent. *See also, State v. Green*, 261 S. C. 366, 200 S. E. (2d) 74 (1973). The fights involved both Huggins and Strickland, and took place about one hour apart on the same evening. Furthermore, both were violent, the latter ending in tragedy. The Tabor City incident was clearly admissible to demonstrate appellant's state of mind at the time of the killing. Therefore, there was no error.

Appellant's remaining exceptions are affirmed under Supreme Court Rule 23.

Affirmed.