22861

The STATE, Respondent v. Gerald Michael DIDDLEMEYER, Appellant.
(371 S. E. (2d) 793)

Supreme Court

*Chief Atty. William Isaac Diggs*, of *South Carolina Office of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.*, and *Norman Mark Rapoport*, Columbia, and *Sol. James O. Dunn*, Conway, *for respondent.*

Heard Nov. 2, 1988.

Decided April 11, 1988.

As Amended on Denial of Rehearing Aug. 24, 1988.

FINNEY, Justice:

Appellant Gerald Michael Diddlemeyer was convicted for the murder of Warren Heath and sentenced to death. We reverse and remand this case for a new trial.

On December 30, 1985, appellant and David McBright

Weaver, appellant's roommate, killed William Warren Heath by shooting him in the neck at close range. David Weaver pled guilty to murder and armed robbery of the victim. Weaver testified at trial that appellant informed him that there was a $350,000 contract on Heath's life and offered him money to kill or assist in killing Heath. Weaver further testified that he and appellant arranged several unsuccessful meetings with the victim to effectuate the killing before finally succeeding.

Prior to the killing, appellant purchased life insurance policies insuring Heath and designated himself as primary beneficiary. After the discovery of Heath's body, appellant notified the insurance companies of Heath's death and requested claim forms. Appellant's attempt to collect the insurance proceeds and his use of the victim's bank card at an automatic teller led law enforcement to apprehend and arrest appellant.

First, appellant argues that the court erred when it appointed attorneys who lacked the requisite three years' litigation experience in felony cases to represent him. Section 16-3-26(B) sets forth the statutory requirements for attorneys representing individuals in capital cases and states in pertinent part:

> One of the attorneys so appointed shall have at least five years' experience as a licensed attorney and at least three years' experience in the actual trial of felony cases, and only one of the attorneys so appointed shall be the public defender or a member of his staff.

S. C. Code Ann. § 16-3-26(B) (1985).

Attorneys Carroll Padgett and Allen Alexander were appointed to represent appellant. Before selecting the jury, appellant's counsel expressed concern as to whether they met the minimum statutory qualifications to be appointed to represent appellant in a capital proceeding. Mr. Padgett had served as assistant solicitor in Horry County from January, 1980, to June, 1981. As assistant solicitor, he had tried one capital case and assisted on two other capital cases. Mr. Padgett had not tried any felony cases since leaving the Solicitor's Office, and his legal practice was primarily confined to civil law. Similarly, Mr. Alexander, who has prac-

ticed law since 1973, had tried one felony non-capital murder case in July, 1982. His other criminal law experience involved trying a few misdemeanor cases and representing individuals who pled guilty.

The trial court concluded that Mr. Padgett and Mr. Alexander were qualified to represent appellant because the latter is a "seasoned trial lawyer ... able to protect [appellant's] rights. ..." Section 16-3-26(B) promulgates the "exclusive procedure for the appointment of counsel for indigent defendants charged with capital murder." *State v. Brown*, 289 S. C. 581, 585, 347 S. E. (2d) 882, 884 (1986). Padgett and Alexander clearly did not meet the experience requirement to be appointed to represent appellant. *See*, S. C. Code Ann. § 16-3-26(B) (1985). Despite the attorneys' failure to meet the statutory requirement, the state contends that such noncompliance does not support a presumption of prejudice as appellant argues. In addition, the state argues that in *United States v. Blankenship*, 548 F. (2d) 1118, (4th Cir. 1976), the court distinguished a capital defendant's statutory right to effective assistance of counsel from his constitutional right to effective assistance of counsel. The Fourth Circuit Court noted that violation of a capital defendant's statutory right to effective assistance of counsel does not automatically mandate reversal, whereas, a violation of one's Sixth Amendment right to effective assistance of counsel necessitates reversal. *Id*, at 1121.

The record is replete with instances of improper testimony and unpreserved exceptions;[1] therefore, it is unnecessary for this court to decide whether or not the nature of the violation is constitutional or statutory. We conclude that the trial court's failure to follow the mandates of Section 16-3-26(B) denied appellant a fair trial. S. C. Code Ann. § 16-3-26(B) (1985).

Second, appellant argues that the court erroneously permitted Weaver to testify that he had sexual relations with the appellant. Appellant contends that testimony about ho-

---

[1] *In favorem vitae* doctrine of appellate review in capital cases requires the state Supreme Court to search the trial record for errors and to consider errors not properly preserved for appeal. *State v. Riddle*, 291 S. C. 232, 353 S. E. (2d) 138 (1987); *State v. Patterson*, 278 S. C. 319, 295 S. E. (2d) 264 (1982).

mosexual conduct is extremely prejudicial and it allowed the state to place his character in issue.

Generally, when alleged prior bad acts have not resulted in an arrest, indictment or conviction, evidence of those crimes is inadmissible. *See, State v. Smith,* 279 S. C. 440, 308 S. E. (2d) 794 (1983). Evidence of prior criminal acts which are independent and unconnected to the crime for which an accused is on trial is inadmissible for purposes of proving that the accused possesses a criminal character or has a propensity to commit the crime which is charged. *State v. Johnson,* 293 S. C. 321, 360 S. E. (2d) 317 (1987); *State v. Green,* 261 S. C. 366, 200 S. E. (2d) 74 (1973). In the instant case, the state contends it elicited testimony about appellant's homosexual relationship with Weaver merely to expand upon their relationship, to establish events leading up to Heath's murder and to indicate a failed relationship in which Weaver was compelled to cooperate with appellant. "It is common knowledge that a substantial portion of the populace ... look with disdain upon homosexuals. When purused for any other purpose than to prove or disprove some fact in issue, evidence of homosexual relationship tends to become an attack upon the character of the defendant." *State v. Hartfield,* 272 S. C. 407, at 411, 252 S. E. (2d) 139, at 141 (1979). In our opinion, Weaver's testimony about his homosexual encounters with appellant had no bearing on any fact in issue and, thus, should not have been admitted.

Next, appellant, who did not testify at any stage of the trial, avers that the court erred when it allowed the solicitor to argue appellant had shown no remorse for his action. During the sentencing phase of appellant's trial, the solicitor made the following argument:

> When would [the death penalty] be appropriate if not in this case? He knew what he was doing. Planned, schemed and designed to do it, *and never, ever, after having done it showed remorse. . . .*

This court has reversed numerous capital cases, holding that comments concerning a defendant's lack of remorse were constitutionally impermissible because they violate an accused's Fifth, Eighth and Fourteenth Amendment rights.

*See State v. Johnson, supra; State v. Hawkins,* 292 S. C. 418, 357 S. E. (2d) 10 (1987); *State v. Brown,* 289 S. C. 581, 347 S. E. (2d) 882 (1986). Having addressed this issue in a myriad of decisions, we do not find it expedient nor necessary to further expound upon it. We find that the solicitor's impermissible comments on the defendant's lack of remorse constitute reversible error.

Finally, appellant alleges that the court erred when it allowed a plea agreement between the state and codefendant Weaver into evidence. Weaver testified at trial as a state's witness against the appellant. During direct examination of Weaver, the state introduced into evidence a plea agreement. The agreement states in pertinent part:

> In view of the fact that David McBright Weaver was not the "trigger man" but was aiding and abetting another in the actual murder and, further, in view of the cooperation, both that previously given and that contained herein, the State, by and through Jim Dunn, Solicitor for the Fifteenth Judicial Circuit, will not seek the death penalty against the defendant David McBright Weaver....

Appellant submits, *inter alia,* that the use of the plea agreement constituted hearsay, contained a preliminary extrajudicial factual determination by the solicitor which invaded the jury's province, and that the plea agreement's use required a limiting instruction to the jury cautioning that any factual allegations contained therein were not binding.

In our opinion, the plea agreement expressed the solicitor's opinion that appellant and not Weaver was the trigger man. A consequence of allowing the agreement into evidence with this statement is that the solicitor was permitted to interject into evidence his opinion of appellant's culpability. *See State v. Butler,* 277 S. C. 543, 290 S. E. (2d) 420 (1982). In *State v. Woomer,* 277 S. C. 170, 175, 284 S. E. (2d) 357, 359-60 (1981), this court held that a resulting death sentence often is not free of any arbitrary factor when a solicitor's personal opinion is interjected into the jury deliberations as through it were evidence. *See also Beck v. Alabama,* 447 U. S. 625, 100 S. Ct. 2382, 65 L. Ed. (2d) 392 (1980). The plea agreement was capable of conveying to

the jury that the prosecutorial arm of the government— Office of the Solicitor—had conducted an independent investigation and concluded that appellant was guilty of pulling the trigger and not Weaver. As a result, the trial judge should have, at the very minimum, given a limiting instruction regarding the jury's use of the plea agreement. *See, e.g., State v. Stewart*, 278 S. C. 296, 295 S. E. (2d) 627 (1982).

In view of our disposition of the foregoing issues, it is not necessary that we address appellant's remaining exceptions. Accordingly, appellant's case is reversed and remanded for a new trial.

Reversed and remanded.

GREGORY, C. J., and HARWELL, CHANDLER and TOAL, JJ., concur.