23266

The STATE, Respondent v. Allen Stewart PEAKE, Appellant.

(396 S.E. (2d) 362)

Supreme Court

*Assistant Appellate Defender Wanda Hagler Haile* of *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Attorney Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *William Edgar Salter, III,* Columbia; and *Sol. Holman C. Gossett, Jr.,* Spartanburg, *for respondent.*

Heard Sept. 20, 1989.

Decided Sept. 17 1990.

FINNEY, Justice:

Appellant Allen Stewart Peake was initially convicted of murder and sentenced to life imprisonment. This Court reversed appellant's conviction and remanded for a new trial. *State v. Peake,* 291 S.C. 138, 352 S.E. (2d) 487 (1987). Appellant was retried, found guilty and again sentenced to life imprisonment. We reverse and remand for a new trial.

First, appellant contends the trial judge erred by not granting a directed verdict motion based upon the state's failure to produce sufficient evidence. The ap-

pellant relies on *State v. Schrock*, 283 S.C. 129, 322 S.E. (2d) 450 (1984), which states that if circumstantial evidence is presented, such evidence must constitute positive proof of facts and circumstances which reasonably tend to prove guilt, and from which guilt may be fairly and logically deduced, to the exclusion of any other reasonable hypothesis.

*Schrock* is not dispositive. This Court has held that the trial judge shall submit the case to the jury if there is *any* evidence, direct or circumstantial, which reasonably tends to prove the guilt of the accused, or from which the guilt of the accused may be fairly and logically deduced. *State v. Edwards*, 298 S.C. 272, 379 S.E. (2d) 888 (1989), *cert. denied*, — U.S., 110 S. Ct. 246, 107 L. Ed. (2d) 196 (1989); *State v. Irvin*, 270 S.C. 539, 243 S.E. (2d) 195 (1978); *State v. Littlejohn*, 228 S.C. 324, 89 S.E. (2d) 924 (1955).

In this case, the state presented evidence that appellant was seen by witnesses driving his car behind the victim's car, headed in the direction of the murder scene. Appellant's car was later seen parked at the crime scene with the victim's car. Moreover, there was evidence that fibers found at the crime scene were identical to carpet fibers found in appellant's car. We find that the sufficiency of the state's evidence warranted the trial judge's denial of appellant's motion for a directed verdict.

The appellant's second contention is that the trial judge improperly admitted into evidence the testimony of state's witness Patty Tucker. Tucker testified that appellant offered to sell marijuana to Lark Lawson, the murder victim, seven to ten days prior to the victim's death. Appellant claims this testimony was irrelevant and more prejudicial than probative. We agree.

Generally, when alleged prior bad acts have not resulted in arrest, indictment or conviction, evidence of such crimes is inadmissible. *State v. Diddlemeyer*, 296 S.C. 235, 371 S.E. (2d) 793 (1988); *State v. Smith*, 279 S.C. 440, 308 S.E. (2d) 794 (1983). Evidence of prior criminal acts which are independent and unconnected to the crime for which an accused is on trial is inadmissible for purposes of proving that the accused possesses a criminal character or has a propensity to commit the crime with which he is charged. *State v. Johnson*, 293 S.C. 321, 360 S.E. (2d) 317 (1987); *State v. Green*,

261 S.C. 366, 200 S.E. (2d) 74 (1973). Implicit in the rules of evidence which permit the introduction of prior bad acts or crimes into evidence is the prerequisite that they establish either "1) motive; 2) intent; 3) the absence of mistake or accident; 4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others; 5) the identity of the person charged with the commission of the crime on trial." *State v. Lyle*, 125 S.C. 406, 416, 118 S.E. 803, 807 (1923).

The state claims the challenged testimony was elicited in this case to show how appellant lured the victim to the murder scene, establishing the *modus operandi* of the crime. We disagree.

The record before us evinces no connection between appellant's prior offer to sell marijuana to the victim and the circumstances of her death. Without an assent to purchase, indication of drug transactions, or other evidence related to drugs linking the accused to murder, the mere offer to sell is not relevant to establish appellant's guilt of the offense charged.

We hold that the prejudicial weight of Tucker's testimony exceeded its probative value and it should have been excluded. For this reason, appellant's conviction and sentence are reversed, and the case is remanded for a new trial.

Reversed and remanded.

GREGORY, C.J., and HARWELL, CHANDLER and TOAL, JJ., concur.