598 S.E.2d 723

The STATE, Respondent,

v.

Ikeisha N. PERRY, Appellant.

No. 3829.

Court of Appeals of South Carolina.

Submitted March 19, 2004.

Decided June 21, 2004.

Acting Chief Attorney Joseph L. Savitz III, Office of Appellate Defense, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and Solicitor Warren Blair Giese, of Columbia, for Respondent.

GOOLSBY, J.:

Ikeisha N. Perry appeals her conviction for homicide by child abuse in connection with the death of her nine-month-old son Jaquan. We affirm.[1]

## BACKGROUND

On September 21, 2000, about 1:15 p.m., Perry and her boyfriend Henry Fletcher brought Jaquan to the pediatric intensive care unit at Richland Memorial Hospital. When they arrived, Jaquan was in full cardiopulmonary arrest, and the emergency room staff began resuscitation efforts. When Robert Hubbird, a pediatric intensive care physician at the hospital arrived at the unit, Jaquan's pulse had just been restored after about twenty-five minutes of resuscitation. Nevertheless, because a significant amount of time had passed since Jaquan collapsed during which no one administered CPR, he quit breathing and lost his pulse again, requiring multiple resuscitations. Eventually, having determined that these measures were ineffective, Hubbird ordered the staff to discontinue further attempts to save Jaquan, and the child was pronounced dead at 4:20 p.m.

Jaquan's injuries included multiple rib fractures, injury to the liver, and severe damage to the large and small bowels. The injuries indicated non-accidental trauma.

On December 13, 2000, the Richland County grand jury indicted Perry and Fletcher for homicide by child abuse in connection with Jaquan's death. The defendants were tried together in February 2002. The jury found both Perry and Fletcher guilty, and the trial court sentenced them each to life imprisonment.

## DISCUSSION

■ On appeal, Perry contends the trial court erred in allowing the State to introduce evidence that she failed to show remorse for Jaquan's death both before and after her arrest. She argues this evidence was inadmissible as an

---

1. Because oral argument would not aid the court in resolving the issue on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

infringement on her constitutional rights.[2]  We hold Perry did not preserve this argument for appeal.

"The state may not directly or indirectly comment on the defendant's right to remain silent."[3]  "References to a defendant's lack of remorse are ... improper as violative of a defendant's Fifth, Eighth, and Fourteenth Amendment rights."[4]  Such rules are "rooted in due process and the belief that justice is best served when a trial is fundamentally fair."[5]

Hubbird testified that, when he informed Perry that Jaquan had died, she displayed "an incredibly flat affect," showing no emotion and appearing uninterested.  Hubbird went on to testify that he found Perry's behavior unusual because, at other times when he delivered bad news, the recipient would usually ask many questions and show intense emotion.  Furthermore, Crolos Jenkins, an acquaintance of Perry, testified he was the only one at the hospital who was upset about Jaquan and that Perry and her family were acting "like it was a family reunion up there."  In addition, the police officer who questioned Perry testified that she was not particularly upset on the day Jaquan died and did not show any remorse.

Perry objected to these statements only on the basis of relevance.[6] This objection would not encompass the argument

---

2. Perry cites the following authorities in support of her argument: *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976) (concerning references to a defendant's silence after receiving *Miranda* warnings); *State v. Reid*, 324 S.C. 74, 476 S.E.2d 695 (1996) (holding references to a defendant's lack of remorse violate the Fifth, Eighth, and Fourteenth Amendments); *State v. Johnson*, 293 S.C. 321, 360 S.E.2d 317 (1987) (holding the State's reference to the defendant's lack of remorse was error because it was a comment on the defendant's assertion of his constitutional rights to plead not guilty and require the State to carry its burden of proof).

3. *Payne v. State*, 355 S.C. 642, 645, 586 S.E.2d 857, 859 (2003).

4. *State v. Reid*, 324 S.C. 74, 78, 476 S.E.2d 695, 696 (1996), *overruled on other grounds by State v. Watson*, 349 S.C. 372, 563 S.E.2d 336 (2002).

5. *Edmond v. State*, 341 S.C. 340, 346, 534 S.E.2d 682, 685 (2000), *quoted in State v. McIntosh*, 358 S.C. 432, 443, 595 S.E.2d 484, 490 (2004).

6. We note that any decision concerning the relevance of the evidence would have been within the discretion of the trial court. *See State v.*

that the admission of such evidence amounted to a deprivation of due process.

Rule 402 of the South Carolina Rules of Evidence provides in pertinent part that "[a]ll relevant evidence is admissible, *except as otherwise provided* by the Constitution of the United States, the Constitution of the State of South Carolina, statutes, these rules, or by other rules promulgated by the Supreme Court of South Carolina." [7] Under the clear language of this rule, the exclusion of evidence on a constitutional ground is an exception to the principle that relevant evidence must be admitted. Here, the trial court, in overruling Perry's objection that the evidence was not relevant, made no determination as to whether it was constitutionally impermissible. It was therefore incumbent on Perry, in objecting to the admission of evidence about her lack of remorse, to raise the issue of due process to the trial court in order to preserve this objection for direct appeal.

**AFFIRMED.**

HOWARD and BEATTY, JJ., concur.

---

*Saltz,* 346 S.C. 114, 127, 551 S.E.2d 240, 247 (2001) ("The trial court is given broad discretion in ruling on questions concerning the relevancy of evidence, and its decision will be reversed only if there is a clear abuse of discretion.").

7. Rule 402, SCRE (emphasis added).