**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

James Jamal Toatley, Appellant.

Appellate Case No. 2023-001059

Appeal From Richland County
Jocelyn Newman, Circuit Court Judge

Unpublished Opinion No. 2026-UP-052
Submitted January 2, 2026 – Filed February 4, 2026

**AFFIRMED**

Deputy Chief Attorney for Capital Appeals David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General W. Jeffrey Young, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Solicitor Byron E. Gipson, all of Columbia, for Respondent.

**PER CURIAM:** James Jamal Toatley appeals his convictions for two counts of murder, attempted murder, assault and battery of a high and aggravated nature, and

possession of a weapon during the commission of a violent crime and his aggregate sentence of fifty-seven years' imprisonment. On appeal, he argues the trial court abused its discretion when it denied his motion for a mistrial after the State improperly commented on his silence. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion when it denied Toatley's motion for a mistrial. *See State v. Hill*, 382 S.C. 360, 369, 675 S.E.2d 764, 769 (Ct. App. 2009) ("The trial court has discretion to grant or deny a motion for mistrial, and the court's decision will not be disturbed on appeal absent an abuse of discretion amounting to an error of law."); *id.* ("A mistrial should be granted only when absolutely necessary."); *id.* ("To receive a mistrial, a defendant must show both error and resulting prejudice."). The State's comments in its closing argument that the jurors should consider the testimony of the people who "got on the stand," "chose to speak to the police that night," and "chose not to slip away in silence" did not directly or indirectly comment on Toatley's failure to testify at trial because the comments did not create the implication that Toatley failed to contradict the evidence the State presented at trial. *See Payne v. State*, 355 S.C. 642, 645, 586 S.E.2d 857, 859 (2003) ("The [S]tate may not directly or indirectly comment on the defendant's right to remain silent."); *State v. Irvin*, 270 S.C. 539, 544, 243 S.E.2d 195, 197 (1978) (finding the State's comment during closing argument was improper when it pointed out to the jury that the testimony the State presented on a certain point was uncontroverted); *State v. Rouse*, 262 S.C. 581, 585, 206 S.E.2d 873, 874 (1974) (holding the State's closing argument "did not constitute a comment on [the] appellant's failure to testify" when "[n]o argument was made that [the] appellant's participation in the events was shown by uncontradicted testimony"); *cf. Payne*, 355 S.C. at 645, 586 S.E.2d at 859 (finding the following statement by counsel for the co-defendant constituted an indirect comment on the petitioner's right to remain silent: "[Y]ou heard nothing but [the co-defendant] because [the co-defendant] wanted and was willing to sit right up there and look y'all in your eyes and tell you the answer to the only questions that matter"). Additionally, the evidence presented at trial could support an inference that the State was referring to an eyewitness who was with Toatley at the time of the shooting because the evidence indicated the eyewitness fled the scene after the shooting and avoided law enforcement's attempts to contact him.

Further, the trial court informed the jury that the State had the burden of proof, Toatley was not required to prove his innocence, Toatley had a constitutional right to remain silent, and the jurors should not consider Toatley's failure to testify at trial. *See State v. Carlson*, 363 S.C. 586, 607, 611 S.E.2d 283, 294 (Ct. App. 2005)

("If the trial [court] charges the jury during jury instructions that the burden of proof is fully on the State, and that the jury may not consider a defendant's failure to testify in its deliberations, any prejudicial effect can be cured.").

**AFFIRMED.**[1]

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.